**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Wednesday, May 19, 2021 9:41:46 AM**
**CASE NUMBER: 2021 CV 02007 Docket ID: 35465560**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **JACK RUNSER** | * | CASE NO: |
| 1904 SOLDIERS HOME-WEST | * | |
| CARROLLTON ROAD | * | JUDGE: |
| DAYTON, Ohio  45417**,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | |
| | * | |
| **CITY OF DAYTON, OHIO** | * | |
| 101 West Third Street | * | |
| Dayton, Ohio 45402, | * | |
| | * | |
| And | * | |
| | * | |
| **DAYTON POLICE DEPARTMENT** | * | |
| c/o City of Dayton | * | |
| 335 West Third Street | * | |
| Dayton, OH  45402, | * | |
| | * | |
| And | * | |
| | * | |
| **CHIEF RICHARD S. BIEHL** | * | |
| c/o City of Dayton Police Department | * | |
| 335 West Third Street | * | |
| Dayton, OH  45402, | * | |
| | * | |
| And | * | |
| | * | |
| **SHELLEY DICKSTEIN,** | * | **COMPLAINT WITH JURY** |
| **CITY MANAGER** | * | **DEMAND ENDORSED HEREON** |
| c/o City Manager's Office | * | |
| 101 West Third Street | * | |
| Dayton, OH  45402, | * | |
| | * | |
| And | * | |
| | * | |
| **OFFICER JOSHUA WIESMAN** | * | |
| c/o City of Dayton Police Department | * | |
| 335 West Third Street | * | |
| Dayton, OH  45402, | * | |

And                                    *
                                       *
**OFFICER SETH VICTOR**                *
c/o City of Dayton Police Department   *
335 West Third Street                  *
Dayton, OH  45402,                     *
                                       *
And                                    *
                                       *
**MAJOR CHRISTOPHER MALSON**           *
c/o City of Dayton Police Department   *
335 West Third Street                  *
Dayton, OH  45402,                     *
                                       *
And                                    *
                                       *
**SERGEANT JONATHAN SOPCZAK**          *
c/o City of Dayton Police Department   *
335 West Third Street                  *
Dayton, OH  45402,                     *
                                       *
   Defendants.          *

---

Now comes Plaintiff, Jack Runser ("Plaintiff") by and through Counsel, and for his Complaint against Defendants, City of Dayton, Ohio ("Defendant CDO"), Dayton Police Department ("Defendant DPD"), Chief Richard S. Biehl ("Defendant Biehl"), Shelley Dickstein, City Manager ("Defendant Dickstein"), Officer Joshua Wiesman ("Defendant Wisemen"), Officer Seth Victor ("Defendant Victor"), Major Christopher Malson ("Defendant Malson"), and Sergeant Jonathan Sopczak ("Defendant Sopczak") (hereinafter collectively "Defendants") states and avers as follows.

## I.      PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Jack Runser, at all times relevant to, has been a resident of Montgomery County, Ohio.

2. Defendant City of Dayton, Ohio is a charter city, a political body and corporation responsible for the administration, operation, and organization of the City of Dayton, Ohio and all employees thereof.

3. Defendant Dayton Police Department is an entity under the control and supervision of Defendant City of Dayton, Ohio.

4. Defendant Chief Richard S. Biehl is the Director and Chief of Police for Defendant Dayton Police Department. Pursuant to Dayton Police Department General Order 1.01-4 1 (A) (1), "[t]he Chief of Police is the Chief Executive Officer of the Police Department, appointed by the City Manager. By provision of Sections 69-70 of the Charter of the City of Dayton, the Chief of Police has the final authority in all matters of policy, operations, assignment, and discipline of personnel within the City of Dayton Police Department."

5. Pursuant to City of Dayton Ordinance Section 34.01, the City Manager is responsible to control and supervise the actions of the Chief of Police.

6. At all times relevant to this action, Defendant Shelley Dickstein was the City Manager for Defendant City of Dayton, Ohio.

7. Defendant Officer Joshua Wiesman is an Officer with Defendant Dayton Police Department;

8. Defendant Officer Seth Victor is an Officer with Defendant Dayton Police Department;

9. Defendant Major Christopher Malson is a Major with Defendant Dayton Police Department; and

10. Defendant Sergeant Jonathan Sopczak is a Sergeant with Defendant Dayton Police Department;

## II.  GENERAL FACTUAL ALLEGATIONS

11. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

12. This case arises from Plaintiff having been unlawfully detained, assaulted, falsely imprisoned, and subjected to humiliation that have caused him irreparably harm.

13. On or about  November 8, 2020, Plaintiff left his home to travel to a nearby Dollar General located at 888 S. Gettysburg Avenue, Dayton, Ohio 45406.

14. Given the fact that there was no sidewalk for Plaintiff to access during his commute, he walked in the wide median to get to his destination.

15. A concerned citizen called Defendant DPD, via 911, prompting a welfare check.

16. The concerned citizen indicated that Plaintiff was walking in the median near S. Gettysburg and Germantown and appeared, based on his gait, to have a physical disability.

17. Defendants Wiesman and Victor responded to the scene and attempted make contact in the BP parking lot located at 3636 Germantown Street, Dayton, Ohio 45406 with Plaintiff.

18. Due to the ongoing COVID-19 pandemic, Defendants Wiesman and Victor were wearing face masks, making it difficult to communicate with Plaintiff.

19. Due to Plaintiff's inability to hear or read Defendants Wiesman and Victor's lips, Plaintiff did not believe that they were trying to make contact with him.

20. Plaintiff motioned to Defendants Wiesman and Victor that he was deaf and requested pen and paper in order to communicate with them.

21. Defendant Victor apprehended Plaintiff's right arm.

22. Plaintiff pulled away from Defendant Victor as he perceived the detainment as a sign of aggression.

23. The situation escalated and Defendants Wiesman and Victor placed Plaintiff in handcuffs and placed him inside their cruiser.

24. Defendants Wiesman and Victor escorted Plaintiff to Miami Valley Hospital whereby the staff was able to communicate with him, via a My Accessible Real-Time Trusted Interpreter ("Martti"), and confirmed that he suffered from cerebral palsy and was deaf.

25. Thereafter, Defendants Wiesman and Victor left Miami Valley Hospital.

26. Later the same evening, Plaintiff was placed in a taxicab, arranged by hospital staff, in order to return him to his residence.

### III.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### ASSAULT AND BATTERY

27. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

28. Plaintiff was assaulted by the conduct of Defendants Wiesman and Victor, who failed to identify Plaintiff as deaf and mute, thus causing him severe emotional distress.

29. Defendants Wiesman and Victor assaulted Plaintiff by placing him in handcuffs.

### SECOND CLAIM FOR RELIEF

### FALSE IMPRISONMENT

30. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

31. Defendants Wiesman and Victor handcuffed and transported Plaintiff against his will.

### THIRD CLAIM FOR RELIEF

### FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION

32. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

33. Defendants Wiesman and Victor violated Plaintiff's Fourth Amendment rights, which protects people from unreasonable searches and seizures by the government, because Plaintiff's arrest was not supported by probable cause.

## FOURTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

35. Plaintiff suffers from severe emotional distress from this encounter, which was totally unwarranted by Defendants Wiesman and Victor.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS

36. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

37. Defendants deprived Plaintiff of his civil liberties by unlawfully detaining him and subjecting him to humiliating and disrespectful treatment pursuant to 42 U.S. Code § 1983 – Civil Action for Deprivation of Rights.

## SIXTH CLAIM FOR RELIEF

### VIOLATION OF AMERICANS WITH DISABILITIES ACT ("ADA")

38. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

39. Defendants Wiesman and Victor did not ensure proper engagement with Plaintiff as an individual who is both deaf and mute; thereby, violating the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101.)

## SEVENTH CLAIM FOR RELIEF

### VIOLATION OF EQUAL OPPORTUNITY
### FOR INDIVIDUALS WITH DISABILITIES

40. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

41. Defendants deprived Plaintiff of his civil liberties and subjected him to discrimination by violating 42 U.S. Code Chapter 126 – Equal Opportunity for Individuals with Disabilities.

## EIGHTH CLAIM FOR RELIEF

### VIOLATION OF O.R.C. § 5122.10

42. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

43. When Defendants Wiesman and Victor took Plaintiff into custody, they failed to explain who they were to Plaintiff, what Plaintiff was being arrested for, and that they were taking Plaintiff to a mental health facility to be examined.

44. Defendants Wiesman and Victor, individuals authorized under O.R.C. § 5122.10 (A)(2)(B) to transport a mentally ill individual to a hospital for emergency hospitalization, failed to provide a written statement, specifying the circumstances under which Plaintiff was being taken into custody and the reasons for their belief that Plaintiff was a mentally ill person, to the hospital; therefore, violating O.R.C. § 5122.10.

## NINTH CLAIM FOR RELIEF

### INTERFERING WITH CIVIL RIGHTS

45. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

46. Plaintiff suffered physical injury intentionally inflicted by Defendants Wiesman and Victor who acted in a way that showed total disregard for the foreseeable consequences of their actions.

47. Defendants Wiesman and Victor violated O.R.C. § 2921.44 (Dereliction of Duty) and O.R.C. § 2921.45 (Interfering with Civil Rights) in their treatment of Plaintiff.

## TENTH CLAIM FOR RELIEF

### VIOLATION OF OATH OF OFFICE

48. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

49. Defendants Wiesman and Victor behaved in a manner that violated their oath of office

pursuant to Dayton Police Department General Order 3.03-3 which states:

    I.   Authority to Arrest
        A.  Dayton Police Department sworn police officers derive their authority
            to arrest from the constitution of the State of Ohio and the Ohio Revised
            Code.  Each police officer takes and oath of office and is sworn to
            uphold the duties and responsibilities relevant to their office as required
            by the Ohio Revised Code.

## ELEVENTH CLAIM FOR RELIEF

### VIOLATION OF PUBLIC RECORDS ACT

50. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

51. Plaintiff made a public records request to Defendant DPD and, to date, has not received

any records.

52. Following an investigation performed by Defendant DPD and Professional Standards

Bureau ("PSB"), Plaintiff raised an appeal to the Citizens' Appeal Board ("CAB".)

53.  Per the CAB's Decision and Recommendations:

"Since the investigation was finalized by at least November 25, 2020, there was no
reason to withhold public records in the investigative file on January 28, 2021.
Therefore, CAB finds that the public records in Mr. Runser's investigative file were
withheld in violation of the Ohio public records law.

54. Defendant DPD is in violation of the Ohio public records law.

## TWELFTH CLAIM FOR RELIEF

### NEGLIGENT SUPERVISION

55. Plaintiff incorporates the preceding Paragraphs as if fully re-written herein.

56. Pursuant to the previous allegations, the Chief of Police, Defendant Biehl, is responsible for the actions of his Department.

57. Pursuant to the previous allegations, the City Manager, Defendant Dickstein, is responsible for the actions of the Chief of Police, Defendant Biehl.

58. Defendants DPD, Biehl, and Dickstein are liable for damages for the failure of training, supervision, and rendering appropriate discipline for the actions of individuals assigned to departments

WHEREFORE, Plaintiff respectfully requests the Court grant the following relief in its favor and as against all Defendants as follows:

A. As against all Defendants, jointly and severally:

    i. Compensatory damages in an amount to be determined, but in excess of Seventy-Five Thousand Dollars ($75,000.00);

    ii. Punitive and exemplary damages in an amount sufficient to deter future tortious conduct by Defendants;

    iii. Prejudgment interest;

    iv. Post-judgment interest;

    v. Costs of this action;

    vi. Reasonable attorney fees; and

    vii. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ V. Ellen Graham Day
V. Ellen Graham Day (0030454)
3251 Long Cove Court
Pickerington, OH 43137
614.403.6400 [T]
614.367.6701 [F]
eeday1@gmail.com

*Counsel for Plaintiff,*
*Jack Runser*

## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

PAGE INTENTIONALLY LEFT BLANK