**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JACK RUNSER, | : | CASE NO. 2021 CV 02007 |
| Plaintiff, | : | Judge Solle |
| vs. | : | |
| CITY OF DAYTON, OHIO et al. | : | **ANSWER OF DEFENDANTS CITY OF DAYTON, OHIO,** |
| Defendants. | : | **CHIEF RICHARD S. BIEHL, SHELLEY DICKSTEIN,** |
| | : | **OFFICERS JOSHUA WEISMAN AND SETH VICTOR, AND THE** |
| | : | **DAYTON POLICE DEPT.** |

Defendants, City of Dayton, Ohio, Chief Richard Biehl, City Manager Shelley Dickstein, Officers Joshua Weisman and Seth Victor, and the Dayton Police Department ("Defendants"), submit the following as their Answer to the Plaintiff's Complaint:

**FIRST DEFENSE**

1.	Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.	Defendants admit the allegations contained in paragraphs 2 to the extent that the City of Dayton is a charter city and political subdivision in the State of Ohio but deny the remaining allegations of paragraph 2 as they call for a legal conclusion.

3.	Defendants deny the allegations in paragraph 3 as the Dayton Police Department is not a legal entity.

4.	Defendants admit the allegations contained in paragraph 4 to the extent that Chief Richard S. Biehl is currently the Director and Chief of Police for the Dayton Police Department and is appointed by the City Manager, and to the extent that Plaintiff has accurately quoted Sections 69-70 of the Charter, but deny the remaining allegations in paragraph 4 as they call for a legal conclusion.

5. Defendants admit the allegations contained in paragraph 5 to the extent the Charter is quoted accurately but deny the remaining allegations as they call for a legal conclusion.

6. Defendants admit the allegations contained in paragraphs 6, 7, 8, 9, and 10 of the Complaint.

7. Defendants admit and deny the allegations contained in paragraph 11 to the same extent that they have admitted or denied the incorporated paragraphs.

8. Defendants deny the allegations contained in paragraph 12 of the Complaint.

9. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26, and, therefore, deny these allegations.

10. Defendants admit and deny the allegations contained in paragraph 27 to the same extent that they have admitted or denied the incorporated paragraphs.

11. Defendants deny the allegations contained in paragraphs 28 and 29 of the Complaint.

12. Defendants admit and deny the allegations contained in paragraph 30 to the same extent that they have admitted or denied the incorporated paragraphs.

13. Defendants admit the Plaintiff was placed in handcuffs and transported to the Hospital but deny the remaining allegations in paragraph 31 of Plaintiff's Complaint.

14. Defendants admit and deny the allegations contained in paragraph 32 to the same extent that they have admitted or denied the incorporated paragraphs.

15. Defendants deny the allegations contained in paragraph 33 of the Complaint.

16. Defendants admit and deny the allegations contained in paragraph 34 to the same extent that they have admitted or denied the incorporated paragraphs.

17. Defendants deny the allegations contained in paragraph 35.

18. Defendants admit and deny the allegations contained in paragraph 36 to the same extent that they have admitted or denied the incorporated paragraphs.

19. Defendants deny the allegations contained in paragraph 37.

20. Defendants admit and deny the allegations contained in paragraph 38 to the same extent that they have admitted or denied the incorporated paragraphs.

21. Defendants deny the allegations contained in paragraph 39.

22. Defendants admit and deny the allegations contained in paragraph 40 to the same extent that they have admitted or denied the incorporated paragraphs.

23. Defendants deny the allegations in paragraph 41 of the Complaint.

24. Defendants admit and deny the allegations contained in paragraph 42 to the same extent that they have admitted or denied the incorporated paragraphs.

25. Defendants deny the allegations of paragraph 43 and 44 of the Complaint.

26. Defendants admit and deny the allegations contained in paragraph 45 to the same extent that they have admitted or denied the incorporated paragraphs.

27. Defendants deny the allegations in paragraphs 46 and 47 of the Complaint.

28. Defendants admit and deny the allegations contained in paragraph 48 to the same extent that they have admitted or denied the incorporated paragraphs.

29. Defendants deny the allegations in paragraph 49 of the Complaint.

30. Defendants admit and deny the allegations contained in paragraph 50 to the same extent that they have admitted or denied the incorporated paragraphs.

31. Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 51, 52, and 53 of the Complaint, and therefore deny the same.

32. Defendants deny the allegations in paragraph 54 of the Complaint.

33. Defendants admit and deny the allegations contained in paragraph 55 to the same extent that they have admitted or denied the incorporated paragraphs.

34. Defendants deny the allegations in paragraphs 56, 57 and 58 of the

Complaint.

35. Defendants deny that the Plaintiff is entitled to any of the relief requested in the prayer/demand portion of the Complaint.

36. Defendants deny each and every allegation contained in the Complaint not specifically admitted as true.

## SECOND DEFENSE

37. The Complaint fails to state a claim upon which relief can be granted. *Civ. R. 12(B)(6).*

## THIRD DEFENSE

38. The Defendants are immune from liability and/or damages.

## FOURTH DEFENSE

39. The Plaintiff was negligent, contributorily negligent and/or assumed the risk.

## FIFTH DEFENSE

40. The Plaintiff's injuries and/or damages, if any, were not proximately caused by the Defendants' actions.

## SIXTH DEFENSE

41. Plaintiff's injuries and/or damages, if any, were caused by the Plaintiff's own actions.

## SEVENTH DEFENSE

42. The Plaintiff has failed to mitigate his damages, if any.

## EIGHTH DEFENSE

43. There has been no constitutional violation.

4

## NINTH DEFENSE

44. The Defendant acted at all times with probable cause.

## TENTH DEFENSE

45. The Defendant acted at all times in good faith.

## ELEVENTH DEFENSE

46. The Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWELFTH DEFENSE

47. The Plaintiff's injuries and/or damages, if any, were proximately caused by superseding and/or intervening acts of others, and were not proximately caused by the Defendants' actions.

## THIRTEENTH DEFENSE

48. The Plaintiff has failed to join proper and indispensable parties to this action.

## FOURTEENTH DEFENSE

49. There has been an insufficiency of process and/or service of process.

## FIFTHTEENTH DEFENSE

50. The City of Dayton Police Department is *non sui juris*.

## SIXTEENTH DEFENSE

51. The Defendants are entitled to absolute or qualified immunity.

## SEVENTEENTH DEFENSE

52. This Court lacks jurisdiction to hear the Plaintiff's claims.

## EIGHTEENTH DEFENSE

53. Defendants are protected by an absolute or qualified privilege.

### NINETEENTH DEFENSE

54. Plaintiff is not a qualified individual with a disability.

### TWENTIETH DEFENSE

55. Plaintiff has failed to meet the applicable statutory requirements for bringing some or all of these claims.

### TWENTY-FIRST DEFENSE

56. The Defendants' actions were reasonable, taken in good faith, and without any intention of discrimination.

### TWENTY-SECOND DEFENSE

57. Plaintiff has sued parties that are not sui juris.

### TWENTY-THIRD DEFENSE

58. Plaintiff was provided with the requested records and his claims are moot.

Wherefore, Defendants request that het Complaint be dismissed and that the Plaintiff pay all costs.

| | |
|---|---|
| **DOLL, JANSEN& FORD** | **BARBARA J. DOSECK**<br>**CITY ATTORNEY** |
| /s/ Susan D. Jansen<br>Susan D. Jansen - 0039995<br>John R. Sauter – 0087691<br>111 W. First St, Suite 1100<br>Dayton, OH  45402-1156<br>(937) 461-5310<br>(937) 461-7219 (fax)<br>sjansen@djflawfirm.com<br>jsauter@djflawfirm.com<br><br>Attorneys for Defendants<br>Joshua Wiesman, Seth Victor<br>and Jonathan Sopczak | By: S/John C. Musto_____<br>John C. Musto (0071512)<br>Chief Trial Counsel<br>Leonard J. Bazelak (0064023)<br>Senior Attorney<br>City of Dayton, Ohio<br>101 W. Third Street, P.O. Box 22<br>Dayton, OH  45402<br>john.musto@daytonohio.gov<br>Tel. (937) 333-4116<br>Fax: (937) 333-3628<br>Attorneys for Defendants,<br>City of Dayton, Dayton Police Dept.,<br>Shelley Dickstein, and Chief Richard Biehl |

6

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was served through electronic filing upon all parties of record, including but not limited to V. Ellen Graham Day, 3251 Long Cove Court, Pickerington, OH 43137 on this 10th day of June 2021.

                                     S/ JOHN C. MUSTO
                                     John C. Musto #0071512
                                     Chief Trial Counsel