UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JACK RUNSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-160 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CITY OF DAYTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (DOC. NO. 14); DIRECTING PLAINTIFF TO FILE HIS AMENDED COMPLAINT AS A STAND-ALONE DOCUMENT WITHIN 14 DAYS FROM THE ENTRY OF THIS ORDER; DENYING, AS MOOT, MOTION TO DISMISS BY DEFENDANT CHRISTOPHER MALSON (DOC. NO. 3); AND DENYING, AS MOOT, MOTION TO DISMISS BY DEFENDANT JONATHAN SOPCZAK (DOC. NO. 4)**

---

Presently before the Court are three motions. The first is Plaintiff's Motion for Leave to Amend the Complaint, (Doc. No. 14) (the "Motion to Amend"). The second is the Motion to Dismiss by Defendant Christopher Malson. (Doc. No. 3). The third is the Motion to Dismiss by Defendant Jonathan Sopczak. (Doc. No. 4). As explained below, the Court **GRANTS** the Motion to Amend (Doc. No. 14), thus mooting the pending motions to dismiss—which refer to the original complaint. The Court **DIRECTS** Plaintiff to file a stand-alone amended complaint within 14 days and **DENIES AS MOOT** the motions to dismiss (Doc. Nos. 3 and 4).

**I.    BACKGROUND**

Plaintiff Jack Runser ("Plaintiff") filed his original complaint on May 19, 2021 in Montgomery County Common Pleas Court. (Doc. No. 5.) It includes twelve causes of action and names eight individuals or municipalities as defendants. (*Id.*) The defendants removed the case

to this Court on June 10, 2021. (Doc. No. 1.) Two separate defendants subsequently filed motions to dismiss the original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 3, 4.) The motions to dismiss are directed at the original complaint. (Doc. No. 5.) On September 2, 2021, Plaintiff filed a motion to terminate his previous counsel and retained new counsel. (Doc. No. 10.) The Court granted the motion on September 3, 2021. (Doc. No. 11.) Plaintiff's new counsel filed their appearance on September 29, 2021. (Doc. Nos. 12, 13.)

On October 29, 2021, Plaintiff filed the Motion to Amend. He attached a proposed amended complaint to that Motion and explained that, since there has been a change in counsel, Plaintiff is pursuing a slightly different theory. (*See* Doc. No. 14.) Additionally, the Amended Complaint drops four claims from the original complaint. (*Id.*) On November 3, 2021, Defendant Christopher Malson ("Malson") filed a response in opposition to the Motion to Amend. (Doc. No. 17.) Plaintiff filed his reply on November 11, 2021. (Doc. No. 18.) The Motion is fully briefed and ripe for review.

II. **ANALYSIS**

When Federal Rule of Civil Procedure 15(a) requires that a party amend its pleading "only with the opposing party's written consent or the court's leave," as is the case here, the rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded") (internal quotation marks omitted). The Supreme Court has explained that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Thus, "[a] court need not grant leave to amend … where amendment would be 'futile.'" *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*, 371 U.S. at 182). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.*; *see also* 6 Arthur R. Miller, Mary Kay Kane, and A. Benjamin Spencer, Federal Practice and Procedure § 1487 (3d ed.) ("[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper"). The party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile. *White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 U.S. Dist. LEXIS 122293, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting supporting authority).

Malson's opposition argues that the proposed revisions to the Amended Complaint would be futile because the Amended Complaint would still fail to state a claim against him. (Doc. No. 17 at PageID 161.) Although it is unclear based on the submissions to the Court whether Plaintiff may have a viable cause of action against Malson, the Court finds that Malson has not met his burden of establishing that the proposed amendment would be futile. *White*, 2013 WL 4551919, at *4; *Miller*, 408 F.3d at 817.

Given that the Court grants the Motion to Amend, the pending motions to dismiss the original complaint (<u>i.e.</u>, Doc. Nos. 3 and 4) are denied as moot. The original complaint will no longer be operative once Plaintiff files his amended complaint. However, this Order certainly does not preclude any defendant from filing a motion to dismiss the amended complaint after it is filed by Plaintiff. *See Nichols v. Vil. of Minerva, Ohio*, No. 5:14-cv-613, 2015 U.S. Dist. LEXIS 22827,

2015 WL 845714, at *3 (N.D. Ohio Feb. 25, 2015) (finding that, while it may be true some of plaintiff's claims are futile and that the amendment should not be allowed on those claims, "the most efficient way to address these and other issues relating to the sufficiency of plaintiffs' allegations is to permit amendment and then allow defendants an opportunity to file a motion to dismiss the second amended complaint if they desire to do so").

### III.    CONCLUSION

For the reasons stated above, it is hereby ordered that:

1. Plaintiff's Motion for Leave to Amend the Complaint, (Doc. No. 14) is **GRANTED**;

2. Plaintiff is **DIRECTED** to file his Amended Complaint as a stand-alone document within fourteen (14) days of the entry of this Order;

3. Motion to Dismiss by Defendant Christopher Malson (Doc. No. 3) is **DENIED AS MOOT**; and

4. Motion to Dismiss by Defendant Jonathan Sopczak (Doc. No. 4) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, December 1, 2021.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE