UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JACK RUNSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-160 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| CITY OF DAYTON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER GRANTING IN PART DEFENDANT CHRISTOPHER
MALSON'S MOTION TO STRIKE AMENDED COMPLAINT AND MOTION
FOR SANCTIONS (DOC. NO. 22); AND, DENYING AS MOOT DEFENDANT
CHRISTOPHER MALSON'S MOTION FOR EXTENSION OF TIME TO
PLEAD OR RESPOND TO AMENDED COMPLAINT (DOC. NO. 24)**

---

Presently before the Court are two motions.  The first is Defendant Christopher Malson's

Motion to Strike Amended Complaint and Motion for Sanctions, (Doc. No. 22) (the "Motion to

Strike").  The second is Defendant Christopher Malson's Motion for Extension of Time to Plead

or Respond to Amended Complaint (Doc. No. 24) (the "Motion for Extension of Time").  As

explained below, the Court **GRANTS IN PART** the Motion to Strike (Doc. No. 22) and **DENIES**

**AS MOOT** the Motion for Extension of Time (Doc. No. 24).

**I.      BACKGROUND**

Plaintiff Jack Runser ("Plaintiff") filed his original complaint on May 19, 2021 in

Montgomery County Common Pleas Court.  (Doc. No. 5.)  It included twelve causes of action and

named eight individuals or municipalities as defendants.  (*Id.*)  The defendants removed the case

to this Court on June 10, 2021.  (Doc. No. 1.)  On September 2, 2021, Plaintiff filed a motion to

terminate his previous counsel and retained new counsel.  (Doc. No. 10.)  The Court granted the

motion on September 3, 2021.  (Doc. No. 11.)  Plaintiff's new counsel filed their appearance on September 29, 2021.  (Doc. Nos. 12, 13.)

On October 29, 2021, Plaintiff filed the Motion for Leave to Amend the Complaint (the "Motion to Amend").  (Doc. No. 14.)  He attached a proposed amended complaint to that Motion (Doc. No. 14-1) and explained that, since there had been a change in counsel, Plaintiff is pursuing a slightly different theory.  (*See* Doc. No. 14.)  On December 1, 2021, the Court granted the Motion to Amend (Doc. No. 19), and Plaintiff filed his amended complaint on December 3, 2021 (Doc. No. 20).

On December 10, 2021, Defendant Christopher Malson ("Malson") filed the instant Motion to Strike, alleging the filed amended complaint was not the same document Plaintiff had attached to the granted Motion to Amend and contained substantive changes.  (Doc. No. 22.)  Malson further sought a 14-day extension of time to respond to the amended complaint.  (Doc. No. 24.)

## II.    ANALYSIS

When Federal Rule of Civil Procedure 15(a) requires that a party amend its pleading "only with the opposing party's written consent or the court's leave," the rule instructs that "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded") (internal quotation marks omitted). Additionally, Federal Rule of Civil Procedure 12(f) permits the Court to strike a pleading upon a motion of a party prior to responding to the pleading.

In this instance, the Court granted the Motion to Amend over the objection of Malson, who argued that an amendment would be futile.  (Doc. No. 17.)  In considering whether the amended complaint would be futile, the Court considered the document attached as Exhibit 1 to the Motion to Amend (i.e., Doc. No. 14-1).  Plaintiff stated in the Motion to Amend that the document attached

as Exhibit 1 was a "[a] copy of the proposed amendment."  (Doc. No. 14 at PageID 122); *See also* (Doc. No. 18 at PageID 170) (Plaintiff's reply brief stating that "the proposed amendment clearly specifies those actions and inactions of Defendant Jonathan Sopczak and Defendant Malson.") The Court granted the Motion to Amend, but Plaintiff filed an amended complaint that contained a number of differences compared to the document attached to the Motion to Amend.  (Compare Doc. No. 14-1 to Doc. No. 20.)  To permit a party to ask the Court for leave to file a complaint attached to its motion to amend and then allow it to file an entirely different complaint would defeat the purpose of attaching the proposed amended complaint in the first place.  Therefore, the Court will strike the Amended Complaint (Doc. No. 20).  The Court orders Plaintiff to file within fourteen (14) days of this Order either: (1) the amended complaint attached as Exhibit 1 to the Motion to Amend (i.e., Doc. No. 14-1); or, (2) a second motion to amend the complaint.

The Court will not decide Malson's motion for sanctions at this time.  Plaintiff is directed to comply with S.D. Ohio Civ. R. 7.2(a)(2) in responding to Defendant Christopher Malson's request for sanctions.  (*See* Doc. No. 22).

Under Fed. R. Civ. P. 15(a)(3), all Defendants, including Malson, will have 14 days from the filing of an amended complaint to respond to that amended pleading.  Given that the Court is striking the Amended Complaint (Doc. No. 20) the Court denies the Motion for Extension of Time as moot.

III.    **CONCLUSION**

For the reasons stated above, it is hereby ordered that:

1. Defendant Christopher Malson's Motion to Strike Amended Complaint and Motion for Sanctions (Doc. No. 22) is **GRANTED IN PART** to the extent it seeks to strike the Amended Complaint (Doc. No. 20);

2.  The Amended Complaint (Doc. No. 20) is **STRICKEN**;

3.  Plaintiff is **DIRECTED** to file, within fourteen (14) days of the entry of this Order, either (1) the Amended Complaint attached as Exhibit 1 to the Motion for Leave to Amend the Complaint (Doc. No. 14-1) as a stand-alone document; or, (2) a second motion to amend the complaint;

4.  Plaintiff is **DIRECTED** to comply with S.D. Ohio Civ. R. 7.2(a)(2) in responding to Defendant Christopher Malson's request for sanctions (*See* Doc. No. 22); and

5.  Defendant Christopher Malson's Motion for Extension of Time to Plead or Respond to Amended Complaint (Doc. No. 24) is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, December 15, 2021.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4