**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **JACK RUNSER,** | : | **CASE NO.:   3:21-cv-00160-TMR** |
| | : | |
| **Plaintiff,** | : | **JUDGE: ROSE** |
| | : | |
| **v.** | : | |
| | : | **MOTION TO DISMISS BY** |
| **CITY OF DAYTON , et al.,** | : | **DEFENDANT JONATHAN SOPCZAK** |
| | : | |
| **Defendants.** | : | |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Jonathan Sopczak respectfully submits this Motion to Dismiss.  The Complaint should be dismissed because it contains no specific factual allegations alleging any unlawful conduct by Sopczak.

## FACTS

Plaintiff alleges that he was unlawfully detained by two Dayton Police Officers, Defendants Wiseman and Victor after he was stopped by the officers following a call from a citizen.  Plaintiff alleges that he is physically disabled and cannot hear or speak.  He alleges that after interaction with the officers, he was handcuffed, placed in a police cruiser, and transported to Miami Valley Hospital.  After communicating through an electronic device, he was released and returned home.

The Complaint was filed on May 19, 2021 in Montgomery County Common Pleas Court and Defendants filed a Notice of Removal with this Court on June 10, 2021.  Defendant Sopczak filed a motion to dismiss with this Court on June 15, 2021.  Plaintif filed a Motion for leave to Amend the Complaint which this Court granted on December 1, 2021.  Plaintiff filed an Amended Complaint on December 3, 2021.  This Court subsequently granted Defendant Malson's Motion to Strike the Amended Complaint and on December 20, 2021, Plaintiff filed a second Motion to

1

Amend which was granted on January 3, 2022. Plaintiff filed a second Amended Complaint on January 4, 2022. Defendant Sopczak files this Motion to Dismiss Plaintiff's Amended Complaint.

## ARGUMENT

### A.    Standard

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and draw inferences in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 556. While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, *quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, *citing Twombly*, 550 U.S. at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a

complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**B.     Title II of the Americans with Disabilities Act Does Not Apply to Individuals**

In Counts I and II of the Amended Complaint, Plaintiff asserts a claim against Defendant Sopczak arising under the Americans with Disabilities Act (ADA), §§ 42 U.S.C. 12131 – 12165. Such a claim must be dismissed against Defendant Sopczak because the Sixth Circuit has held that there is no individual liability under the ADA. *Carten v. Kent State Univ*., 282 F.3d 391, 396-97 (6th Cir. 2002).    Specifically, Defendant Sergeant Sopczak is the supervisor of Defendants Weisman and Victor and as the Sixth Circuit has held: "Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases." *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n.1 (6th Cir. 1999) (citing *Wathen v. General Electric*, 115 F.3d 400, 404-405, n. 6 (6th Cir. 1996).  This standard has been consistently applied by this Court.  *See Gruener v. Ohio Cas. Co.,* 416 F. Supp. 2d 592, 603 (S.D. Ohio 2005); *Bower v. MetroParks of Butler Cty.*, No. 1:18-CV-00791, 2019 WL 2772544, at *9– 10 (S.D. Ohio July 2, 2019), *report and recommendation adopted*, No. 1:18CV791, 2019 WL 4097228 (S.D. Ohio Aug. 29, 2019); *Gibbs v. Meridian Roofing Corp.*, No. 1:17-CV-245, 2017 WL 6451181, at *5 (S.D. Ohio Dec. 18, 2017); and, *Meekison v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-00113, 2013 WL 1989942, at *7–8 (S.D. Ohio May 13, 2013).

Defendant Sergeant Sopczak is only mentioned in the Complaint in his capacity as the supervisor of Defendant Officers Wiesman and Victor.  (Amended Complaint ¶¶ 61 – 65, 69, and 74)  Because the claims in Counts I and II of the Amended Complaint arise under the ADA and are made against Defendant Sergeant Sopczak in his capacity as a supervisor, the Counts must be dismissed.

C.      **The Amended Complaint Fails to State a Claim Against Sopczak under § 1983.**

In Count III of the Amended Complaint, Plaintiff alleges his civil rights were violated when he was stopped, detained, and taken into custody without probable cause by Defendants Wiesman and Victor in their roles as police officers employed by the City of Dayton.  (Amended Complaint ¶¶ 88 – 91) Plaintiff makes no allegation in Count III that Defendant Sopczak performed any act which violated Plaintiff's civil rights.

To state a claim against an individual under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Heyerman v. Cnty of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012), *citing Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). To meet the second element of a §1983 claim above, Plaintiff must plead facts which tie the specific individuals he sues to the violations he alleges. *See Gilmore v. Corrections Corp. of America*, 92 F. App'x 188 (6th Cir. 2004) (affirming dismissal of complaint where plaintiff named twenty-two defendants in caption but failed to allege specifically how any of the individuals were involved in the conduct he alleged); *Heyerman*, 680 F.3d at 647 ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.").  *See also*, *Brickles v. Vill. of Phillipsburg, Ohio*, 524 F. Supp. 3d 775 (S.D. Ohio 2021) (dismissing a Section 1983 claim against a police officer's supervisor for alleged violations by the officer); and, *Waters v. Drake*, 105 F. Supp. 3d 780 (S.D. Ohio 2015) (dismissing a Section 1983 claim where there were no allegations that the individual defendants at issue had been involved in the allegedly unlawful activity).

Dismissal of this claim against Defendant Sopczak is appropriate because Plaintiff fails to identify any unlawful conduct by Sopczak that may have violated any constitutional right.  *See*

*Kohus v. Ohio State Hwy. Patrol, S.D.Ohio No. 1:09-cv-658, 2011 U.S. Dist. LEXIS 32721, at \*20 (Feb. 15, 2011)* (dismissing claim where "most of the allegations of the complaint simply allege generally that 'the defendants'" allegedly violated plaintiff's constitutional rights"); *Brunson v. City of Dayton*, 163 F.Supp.2d 919, 928 (S.D.Ohio 2001) ("A review of the Plaintiff's Complaint leaves the Court at a loss to understand how [individual defendants] violated [plaintiff's] constitutional rights."); Sykes v. United States, S.D.Ohio No. 1:10-cv-688, 2011 U.S. Dist. LEXIS 94815, at \*39-40 (July 22, 2011) ("general and conclusory allegations that the 'defendants named herein' took unlawful actions "fail[ed] to establish a constitutional violation and any personal involvement by the individually named defendants").  The Complaint does not allege that Sopczak directly participated in or encouraged the alleged violation of constitutional rights.  *See Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).  The Sixth Circuit has held that "liability of supervisors [cannot] be based solely on the right to control employees, or 'simple awareness of employees' misconduct.'" *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) (citations omitted).   The Complaint, accordingly, fails to satisfy the Sixth Circuit's requirement that Sopczak "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002).

### D.    Counts IV, V, and VII Fail to State a Claim Against Defendant Sopczak

Count IV, alleging a civil assault in violation of Ohio law, Count V, alleging false imprisonment and Count VII, alleging intentional infliction of emotional distress, all refer solely to Defendants Wiesman and Victor.  Defendant Sopczak is not mentioned in these Counts and based upon the allegations in the statement of facts, ¶¶ 19 – 60, Defendant Sopzcak could not have

been involved in the alleged conduct leading to these Counts, therefore these Counts must be dismissed.

### E.     Counts VI and VIII Fail to State a Claim Against Defendant Sopczak

In Count VI, Plaintiff alleges Defendant City of Dayton had a duty to develop, promulgate and enforce thorough regulations regarding the use of force and Defendant failed to fulfill this duty.  (Amended Complaint ¶¶ 115 – 116) Plaintiff further alleges Defendants had a duty to provide adequate training and supervision of Defendants Wiesman, Victor, Sopczak and Malson regarding the use of force and communicating with the disabled.  (Amended Complaint ¶¶ 117) The sole allegation against Defendant Sopczak in County VI is that he acted incompetently when he and Malson investigated Plaintiff's complaint without obtaining an interpreter.  (Amended Complaint ¶ 119) However, these claims against Defendant Sopczak must be dismissed as there is no individual liability for supervisors for the alleged improper conduct of their subordinates. "[M]ere 'ratification' of conduct by failing to investigate the incident and failing to discipline for making an invalid arrest and using excessive force is insufficient to make supervisors liable for their subordinates' conduct." *Day v. DeLong*, 358 F. Supp. 3d 687, 704 (S.D. Ohio 2019) (citing *Frodge v. City of Newport*, 501 F. App'x 519, 532 (6th Cir. 2012)).  *See also, Anderson v. Jones*, 440 F. Supp. 3d 819, 841–42 (S.D. Ohio 2020) (dismissing failure to supervise claim where supervisor, a Sheriff, was not directly involved in the misconduct of subordinate officers).

In Count VIII, Plaintiff alleges municipal liability and makes a sole reference to Defendant Sopczak as an employee of the City of Dayton Police Department acting under the Defendant City of Dayton's direction and control.  (Amended Complaint ¶ 133) As there are no specific allegations against Sopczak other than he was an employee and supervisor of the City of

Dayton Police Department, Count VIII of this Amended Complaint also fails to state a claim against Defendant Sopczak.

## CONCLUSION

Based upon the foregoing arguments and citations to authority, the Complaint against Defendant Sopczak should be dismissed.

Respectfully submitted,

**DOLL, JANSEN & FORD**

/s/ Susan D. Jansen
Susan D. Jansen - 0039995
111 W. First St., Suite 1100
Dayton, OH  45402-1156
(937) 461-5310
(937) 461-7219
sjansen@djflawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served via the Court's CM/ECF system this January 17, 2022 upon all counsel of record.

_____/s/ Susan D. Jansen_____
Susan D. Jansen  (0039995)