UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JACK RUNSER, | : |
| Plaintiff, | : Case No. 3:21-cv-160 |
| v. | : Judge Thomas M. Rose |
| CITY OF DAYTON, *et al.*, | : |
| Defendants. | : |

### ENTRY AND ORDER AWARDING DEFENDANT CHRISTOPHER MALSON FEES AND COSTS

Presently before the Court is Defendant Christopher Malson's Notice of Filing of Accounting of Costs and Fees (Doc. No. 33) (the "Fees Notice"). As explained below, the Court **GRANTS** Defendant Christopher Malson ("Malson"), $1,890.00 in fees relating to his Motion for Sanctions (within Doc. No. 22) (the "Motion for Sanctions").

I.  **BACKGROUND**

Plaintiff Jack Runser ("Plaintiff") filed his original complaint on May 19, 2021 in Montgomery County Common Pleas Court. (Doc. No. 5.) It included twelve causes of action and named eight individuals or municipalities as defendants. (*Id.*) The defendants removed the case to this Court on June 10, 2021. (Doc. No. 1.) On September 2, 2021, Plaintiff filed a motion to terminate his previous counsel and retained new counsel. (Doc. No. 10.) The Court granted the motion on September 3, 2021. (Doc. No. 11.) Plaintiff's new counsel filed their appearances on September 29, 2021. (Doc. Nos. 12, 13.)

On October 29, 2021, Plaintiff filed the first Motion for Leave to Amend the Complaint. (Doc. No. 14.) He attached a proposed amended complaint to that Motion (Doc. No. 14-1) and

1

explained that, since there had been a change in counsel, Plaintiff was pursuing a slightly different theory. (*See* Doc. No. 14.) On December 1, 2021, the Court granted the Motion to Amend (Doc. No. 19), and Plaintiff filed his amended complaint on December 3, 2021 (Doc. No. 20).

On December 10, 2021, Malson filed the Motion for Sanctions, which included a motion to strike the amended complaint, alleging the filed amended complaint was not the same document Plaintiff had attached to the granted Motion to Amend and that it contained substantive changes. (Doc. No. 22.) The Court granted Malson's motion to strike (Doc. No. 25) and the amended complaint was stricken. Plaintiff filed his opposition to the Motion for Sanctions on December 15, 2021. (Doc. No. 26.) Malson filed his reply on December 20, 2021. (Doc. No. 27.)

On January 3, 2022, the Court granted Malson's Motion for Sanctions and directed him to file an accounting of his costs and fees related to his filing of the motion for sanctions, reply, and identification of discrepancies. (Doc. No. 30.) Malson filed his Fees Notice on January 7, 2022 (Doc. No. 33) and Plaintiff filed his response the same day. (Doc. No. 34.) In his response, Plaintiff stated there would be no objection to the amount of fees and costs awarded by the Court. (Doc. No. 34 at PageID 335.)

II.   **ANALYSIS**

  A.  **FEES AND COSTS**

As an initial matter, the party requesting an award of costs and attorney's fees must produce evidence "to justify the reasonableness of the requested rate." *Blum v. Stenson*, 465 U.S. 886, 904 n. 11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The court looks to the prevailing market rate to substantiate the reasonableness of the requested hourly rate. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir. 1979).

In this instance, Malson's counsel, Joshua Engel ("Engel"), filed an affidavit explaining that he has over twenty years of experience as an attorney in Ohio and that he has handled a number

2

of civil rights cases. (Doc. No. 33-1 at PageID 331-32.) Engel states that his hourly rate is $350 dollars per hour and that this rate is at or below the reasonable rate awarded to attorneys of similar experience. (*Id*. at PageID 332.) He further states that he spent 6.3 hours on this matter, and he attached an invoice cataloging his time. (*Id*. at PageID 332-34.) Plaintiff has not objected to Engel's affidavit nor does he object to the reasonable fees and costs awarded by this Court. (Doc. No. 34 at PageID 335.)

The Court finds that Engel's fees are reasonable with one exception, the Court finds that Engel's accounting of the filing of a corrected motion and drafting a motion for extension of time were not reasonable. It was Engel's duty to file a corrected version of his Motion for Sanctions. Moreover, it was Engel's choice to request more time. The Court will not award Engel's fees for the .90 hours billed on December 10, 2021 outlined in Engel's affidavit. Therefore, the Court will award Malson's his fees for 5.4 hours of billable time at $350.00 per hour, amounting to $1,890.00.

### III.  CONCLUSION

For the reasons stated above, Plaintiff Jack Runser shall pay Defendant Christopher Malson's counsel the amount of $1,890.00 for the costs and fees incurred in relation to the filing of the Motion for Sanctions within sixty days of this Order. The parties shall file a joint certification that the amount has been paid.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, January 24, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3